# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2969
_____

United States of America

*Plaintiff - Appellee*

v.

Benjamin K. Striplin

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 16, 2025
Filed: July 28, 2026
_____

Before L.R. SMITH, ARNOLD, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Following a bench trial, Benjamin Striplin was found guilty of one count of possession of a firearm as a drug user, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The district court sentenced him to 33 months' imprisonment, followed by 3 years' supervised release. Striplin now appeals, challenging the district court's denial of his motion to dismiss the indictment. Having jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

## I.

We recite the facts as set forth in the parties' stipulated record. On April 30, 2020, Striplin led Independence, Missouri police officers on a high-speed vehicle chase. The chase ended when Striplin hit stop sticks put out by the police, lost control of his vehicle, and came to a halt. The police then arrested Striplin and searched his vehicle. The police recovered a loaded .22 caliber pistol and a soda bottle that had been modified into a smoking apparatus with a glass pipe. When police interviewed Striplin following his arrest, he admitted that he was a regular user of methamphetamine and had been a regular user for the previous ten years, that he had last used it three to four days previously, and that he had owned the pistol found in his car since at least the day before. Striplin also admitted to using the smoking apparatus found in his vehicle to smoke methamphetamine.

Following his arrest, a grand jury charged Striplin with one count of knowingly possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Striplin moved to dismiss the indictment, arguing that § 922(g)(3) violated the Second Amendment on its face and as applied to him and that it was unconstitutionally vague on its face and as applied to him.

A magistrate judge issued a report and recommendation, recommending that the district court deny the motion. Analyzing § 922(g)(3) under the framework set forth in the Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), the magistrate judge reasoned that "18 U.S.C. § 922(g)(3) is relevantly similar to [historical] regulations aimed at preventing dangerous or untrustworthy persons from possessing and using firearms." The magistrate judge also rejected Striplin's vagueness challenge, explaining that "as-applied [vagueness] challenges to section 922(g)(3) cannot be ruled upon until facts have been established at a trial on the merits."

-2-

In an order issued in July 2023, the district court adopted the magistrate judge's report and recommendation and denied Striplin's motion to dismiss. The district court's decision relied on <u>Bruen</u> and this Court's decision in <u>United States v. Jackson</u> (Jackson I), 69 F.4th 495 (8th Cir. 2023), <u>vacated</u>, 144 S. Ct. 2710 (2024). While the district court acknowledged that "<u>Jackson</u> considered a different subsection of § 922(g) than [§ 922(g)(3)]," it explained that the decision "recognized the relevant historical tradition of firearms regulation in the United States as including prohibiting 'categories of persons [from possessing firearms] based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed.'" Thus, the district court found no need to refer to the specific facts of Striplin's case when determining that the application of § 922(g)(3) to him was constitutional. Without addressing his vagueness argument, the district court denied his motion to dismiss in its entirety. After <u>Jackson I</u> was vacated and remanded by the Supreme Court, this Court decided <u>United States v. Jackson</u> (Jackson II), 110 F.4th 1120 (8th Cir. 2024), <u>cert. denied</u>, 145 S. Ct. 2708 (2025). That decision upheld the constitutionality of the felon-in-possession statute, 18 U.S.C. § 922(g)(1), <u>id.</u> at 1125 (explaining that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"), but it did not discuss § 922(g)(3).

Following the denial of Striplin's motion to dismiss, the parties agreed to a stipulated set of facts and proceeded to a bench trial. The district court found Striplin guilty of violating § 922(g)(3) solely based on the stipulated facts, and Striplin now appeals the denial of his motion to dismiss.

II.

Striplin argues that the district court erred in denying his motion to dismiss because § 922(g)(3) violates the Second Amendment as applied to him and is unconstitutionally vague as applied to him. "We review the grant of a motion to dismiss de novo." <u>Tholen v. Assist Am., Inc.</u>, 970 F.3d 979, 982 (8th Cir. 2020).

-3-

We first examine Striplin's vagueness challenge. We have held that § 922(g)(3) is not vague as applied to a defendant when there is "'a temporal nexus' between the gun possession and regular drug use." United States v. Deng, 104 F.4th 1052, 1054-55 (8th Cir. 2024) (rejecting a vagueness challenge where the defendant "admitted that he frequently used marijuana and knew that he was a marijuana user when he possessed [his] gun"). Here, like the defendant in Deng, Striplin "admit[s] that he frequently used [methamphetamine] and knew that he was a [methamphetamine] user when he possessed [his] gun." Id. at 1055. Thus, "he has failed to show that § 922(g)(3) is unconstitutionally vague as applied to him." Id.

We next examine Striplin's as-applied Second Amendment challenge to § 922(g)(3). Under Bruen, for Second Amendment challenges, we apply a "two-part test, based on 'text and historical understanding.'" United States v. Veasley, 98 F.4th 906, 909 (8th Cir. 2024) (citation omitted). "Step one provides the textual threshold: does a law prohibit 'conduct' that 'the Second Amendment's plain text covers'? Crossing that threshold leads to step two, 'historical understanding': is 'the regulation . . . consistent with this Nation's historical tradition of firearm regulation'?" Id. (alteration in original) (citations omitted). If both steps are satisfied, "the statute 'pass[es] constitutional muster.'" Id. (alteration in original) (citation omitted). Here, the Government does not dispute that Striplin's conduct—carrying a handgun outside his home—falls within the plain text of the Second Amendment. See Bruen, 597 U.S. 1 at 10. Thus, the only remaining question is the second step of the Bruen test—whether the application of § 922(g)(3) to Striplin is "consistent with this Nation's historical tradition of firearm regulation." Veasley, 98 F.4th at 909 (citation omitted).

On this point, we note that the district court rendered its decision at a time when there was little guidance from this Court or the Supreme Court regarding the constitutionality of § 922(g)(3). The district court itself observed that the primary case it relied on, Jackson I, "considered a different subsection of § 922(g)," and Jackson II is no different, see 110 F.4th at 1123. Furthermore, while the district court interpreted Jackson I to hold that § 922(g)(3) was presumptively constitutional

as applied because the "historical tradition of firearms regulation . . . prohibit[ed] 'categories of persons [from possessing firearms] . . . [because that] category as a whole presented an unacceptable risk of danger if armed,'" we have since rejected this principle in the context of § 922(g)(3). See, e.g., United States v. Cooper, 127 F.4th 1092, 1096 (8th Cir.) ("Nothing in our tradition allows disarmament simply because [a defendant] belongs to a category of people, drug users, that Congress has categorically deemed dangerous."), cert. denied, 146 S. Ct. 348 (2025).

Instead, both this Court and the Supreme Court have clarified that when considering § 922(g)(3) in light of "this Nation's historical tradition of firearm regulation," Veasley, 98 F.4th at 909, a fact-intensive inquiry is necessary, see, e.g., id. at 917; Cooper, 127 F.4th at 1095 ("The question is whether § 922(g)(3) is 'relevantly similar' to . . . Founding-era [firearm regulations]. It is, but not for everyone." (citation omitted)). We have held, for example, that § 922(g)(3) is not automatically analogous to founding-era "going armed" laws because those laws were "not about mere possession [of firearms]," but "required . . . the 'offensive[]' *use* of a firearm in a way that terrorized others." Veasley, 98 F.4th at 917 (third alteration in original) (citation omitted). And the Supreme Court has recently rejected the notion that the Government may "automatically strip [a defendant] of his Second Amendment right to possess a firearm because he uses marijuana a few times a week." United States v. Hemani, 146 S. Ct. 1677, 1693 (2026). Thus, in the context of § 922(g)(3), we have specified that the statute "is consistent with the Second Amendment as applied to at least two situations: when use of a controlled substance 1) 'ma[d]e [the defendant] act like someone who is both mentally ill and dangerous'; or 2) would cause the defendant to 'induce terror, or pose a credible threat to the physical safety of others with a firearm.'" United States v. Perez, 145 F.4th 800, 805-06 (8th Cir. 2025) (alterations in original) (citation omitted).

Because the district court issued its decision before much of the case law on the constitutionality of § 922(g)(3) had been developed, it did not engage in the analysis described above. Thus, remand is appropriate to allow the district court to conduct this analysis in the first instance. See, e.g., id. at 809 (remanding to the

district court to "reassess [the defendant's] as-applied challenge in light of <u>Cooper</u>" because "the district court is best positioned to [do so]").  Additionally, because, like in <u>Cooper</u>, "[t]he factual record is thin, given that the case proceeded to a bench trial on stipulated facts," it may be appropriate for "the parties . . . to supplement the record with other evidence."  127 F.4th at 1098.

## III.

For the foregoing reasons, we reverse the judgment of the district court and remand for proceedings consistent with this opinion.  We deny as moot the motion for supplemental briefing.

_____